IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE LOS ALAMOS STUDY GROUP.

       Plaintiff,

v.                                                                     No. 11-CV-946 JEC/LFG

UNITED STATES DEPARTMENT OF
ENERGY; THE HONORABLE STEVEN
CHU, in his capacity as SECRETARY,
DEPARTMENT OF ENERGY;
NATIONAL NUCLEAR SECURITY
ADMINISTRATION; THE HONORABLE
THOMAS PAUL D'AGOSTINO, in his
Capacity as ADMINISTRATOR,
NATIONAL NUCLEAR SECURITY
ADMINISTRATION,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

      THIS MATTER is before the Court on Plaintiff's Motion to Supplement the Administrative Record (Doc. 26). The Court has considered the Motion, the parties submissions, and the governing legal authorities will deny the Motion.

      This lawsuit is the second that the Los Alamos Study Group ("LASG") has filed in this Court seeking declaratory and injunctive relief against the Defendants under the National Environmental Protection Act (NEPA), 42 U.S.C. §§ 4321-4387, and the Administrative Procedures Act (APA), 5 U.S.C. §§ 701-706. *See* Cause number 10-CV-0760 JCH/WDS (*LASG I*). This lawsuit, like *LASG I*, also invokes the provisions of NEPA regulations issued by the Council on Environmental Quality

EXHIBIT 1

("the CEQ Regulations"), 40 C.F.R. §§ 1500-08, and NEPA regulations issued by the Department of Energy ("DOE"), 10 C.F.R. § 1021.

In this suit (*LASG II*), LASG challenges Defendants' reliance on a 2011 Supplemental Environmental Impact Statement ("2011 SEIS") and subsequent amended record of decision ("amended ROD") as a purported justification for Defendants' continuing and unabated implementation of the 2010-11 Chemistry and Metallurgy Research Replacement ("2010-11 CMRR") project at Los Alamos National Laboratory ("LANL").

The case is presently before the Court on the limited question of whether LASG has met its burden to show by clear and convincing evidence that it is entitled to request supplementation of the existing Administrative Record. *See Citizens for Alternatives to Radioactive Dumping v. U.S. Dep't of Energy*, 485 F.3d 1091, 1097 (10th Cir. 2007).

LASG contends that the Administrative Record is inadequate because the the DOE/NNSA is allegedly implementing a new decision that first appeared in the President's fiscal year 2013 budget proposal, released on February 13, 2012. The LASG then lists, in bullet point form, eighteen categories of documents it contends are necessary for judicial review of its claims. LASG offers no legal support for its request as required by D.N.M.LR-Civ. 7.3, which dictates that "[a] motion, response, or reply must cite authority in support of the legal positions advanced." Moreover, several of the documents LASG claims should be included in the Administrative Record post-date the decision it challenges and could not have been before the decision maker. *See Bar MK Ranches v. Yeutter*, 994 F.2d 735, 739 (10th Cir. 1993) (The complete administrative record consists of all documents and materials directly or indirectly considered by the agency.")

What is more, after LASG filed the present Motion, the Tenth Circuit Court of Appeals issued its ruling in *LASG I*, affirming this Court's dismissal of that case as not ripe. *Los Alamos Study*

*Group v. United States DOE*, 692 F.3d 1057 (10th Cir. 2012). In affirming the district court's dismissal and denying LASG's request to supplement the administrative record on appeal, the court stated that

> [A] budget request is no more a final agency action than an offer is a contract. A request is not a binding legal obligation. Indeed, even the appropriation of funds for construction would not necessarily create final agency action absent final agency approval. *See Rapid Transit Advocates*, 752 F.2d at 379. To the extent that the budget materials have any relevance (and the logic of Plaintiff's argument is far from clear to us), they only emphasize that the conception of the Nuclear Facility is everchanging, with no definitive decisions having been made.

*Los Alamos Study Group v. United States DOE*, 692 F.3d 1057 (10th Cir. 2012). This excerpt seemingly negates any contention that the proposed budget at issue here constitutes a reviewable agency determination, yet LASG failed to respond when Defendants filed their Supplemental Notice calling the Court's attention to the Circuit's published decision in *LASG I*. *See* Doc. 29. For all of these reasons, among others (*see generally Federal Defendants' Response in Opposition to Plaintiff's Motion to Supplement the Administrative Record*, Doc. 27), LASG's Motion to Supplement the Administrative Record will be denied.

**IT THEREFORE ORDERED that** Plaintiff's Motion to Supplement the Administrative Record (Doc. 26) is **DENIED**.

_____
For SENIOR UNITED STATES DISTRICT JUDGE
JOHN EDWARDS CONWAY

4