IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FRONT RANGE EQUINE RESCUE,**
*et al.*

    Plaintiffs,

vs.                                                                              No. 1:13-CV-00639-MCA-RHS

**TOM VILSACK, Secretary U.S.
Department of Agriculture,** *et al.*

    Defendants.

**ORDER DENYING DEFENDANT-INTERVENORS' JOINT MOTION
TO COMPLY WITH THE COURT'S SCHEDULING ORDER DATED AUGUST 29, 2013**

THIS MATTER COMES before the Court on Defendant-Intervenors' Joint Motion to Comply with the Court's Scheduling Order Dated August 29, 2013 (Doc. 155).   The Court has reviewed Chief Judge Christina M. Armijo's August 29, 2013 Scheduling Order (Doc. 137), the Motion (Doc. 155), the Court's Order for Plaintiffs to file amended briefs (Doc. 159), Plaintiffs' Opposition to Defendant-Intervenor's Joint Motion (Doc. 169), Plaintiffs' Notice Regarding Opening Brief on the Merits (Doc. 171), the Federal Defendants' Reply (Doc. 175), Defendant-Intervenors' Joint Reply (Doc. 176), and the relevant authority.   After careful review, the Court concludes that the Motion will be denied.

**Background**

Plaintiffs and Plaintiff-Intervenors filed Opening Briefs on September 12, 2013 (Docs. 152, 153).   Plaintiffs and Plaintiff-Intervenors submitted only briefs and did not attach exhibits, affidavits or other evidentiary filings (Docs. 152, 153).    The briefs do contain citations and footnotes.   Defendant-Intervenors are now essentially moving (1) to strike "propositions and

references" in Plaintiffs' and Plaintiff-Intervenors Opening Briefs and (2) to require that the Opening Briefs provide a "Statement of the Issues Presented" as referenced in the Court's August 29, 2013 Scheduling Order.  The Scheduling Order (Doc. 137 ¶ 6) provided guidance on the briefing on merits:

> Consistent with Olenhouse v. Commodity Credit Corp., 42 F.3d 1560, 1580 (10th Cir. 1984), Plaintiffs' July 19, 2013 First Amended Complaint for Declaratory and Injunctive Relief [Doc. 54], will be processed as an appeal. The parties shall not submit additional evidence in support of and in opposition to the substantive result of the Federal Defendants' NEPA process.

After Plaintiffs and Plaintiff-Intervenors filed their Opening Briefs on September 12, 2013, and after Defendant-Intervenors' filed the pending motion on September 18, 2013 (Doc. 155), the Court directed Plaintiff and Plaintiff-Intervenors on September 19, 2013 to amend their opening briefs (Doc. 159) to conform to the format of the Federal Rules of Appellate Procedure and Olenhouse.  On September 23, 2013, Plaintiffs filed their response brief in opposition (Doc. 169) to Defendant-Intervenors' pending motion, and also timely filed their amended Opening Brief (Doc. 170), and a notice (Doc. 171) explaining the formatting changes made to the Opening Briefing.  Plaintiff-Intervenors also filed their amended Opening Brief on September 23, 2013 (Doc. 172).  A little more than 24 hours after the amended briefs were filed, the Federal Defendants and Defendant-Intervenors filed reply briefs regarding the current motion (Docs. 175 and 176).

## Analysis

Defendant-Intervenors' Joint Motion to Comply with the Court's Scheduling Order Dated August 29, 2013 (Doc. 155) will be denied for two reasons.

First, the Motion lacks sufficient specificity for a Court to conduct a meaningful review. Defendant-Intervenors assert that Plaintiffs' brief contains 24 citations to declarations and

affidavits that are not part of the Administrative Record, two citations to press releases, and four citations to local administrative reviews (Doc. 155 at 4).   However, the Motion does not provide page citations or identifying information for these affidavits, press releases or other reviews to assist the Court in locating the problematic "propositions and references."   Movant also does not apply any authority, such as Olenhouse, to any alleged infractions in the Opening Briefs, thus the Court is left without guidance as to how Defendant-Intervenors come to the conclusion that the "propositions and references" violate the Court's previous orders (Docs. 137, 159), Olenhouse, or any other binding authority.   The Motion's assertions with regard to Plainitff-Intervenors' brief are similarly vague.   Furthermore, without more specific factual allegations, Plaintiffs are also unable to respond with particularity to the Motion.

Second, the arguments raised in the Motion may now be moot, in light of the amended Opening Briefs that were filed after the Motion.   Two reply briefs (Docs. 175, 176) were docketed very soon after the amended Opening Briefs were filed on September 23, 2013, and neither reply brief acknowledges the amended Opening Briefs or advises the Court whether the issues complained in the Motion persist in the amended Opening Briefs.

The Court will not rule on page length because parties appear to have resolved the dispute regarding page and word limitations that was raised in the Motion (Doc. 155 at 6) in a recently filed stipulation (Doc. 178).

THEREFORE, IT IS ORDERED that Defendant-Intervenors' Joint Motion to Comply with the Court's Scheduling Order Dated August 29, 2013 (Doc. 155) is DENIED.

_____
**ROBERT HAYES SCOTT**
**UNITED STATES MAGISTRATE JUDGE**