**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FRONT RANGE EQUINE RESCUE *et al.*,

      Plaintiffs,

    v.                                    Civ. No. 13-639 MCA/KK

TOM VILSACK *et al.*,

      Defendants.

**ORDER OVERRULING VALLEY MEAT'S OBJECTIONS
TO MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED
DISPOSITION AND DENYING MOTIONS TO RECOVER INJUNCTION BONDS**

THIS MATTER comes before the Court on: (1) Intervenor-Defendant Responsible Transportation, L.L.C.'s ("Responsible Transportation") Motion to Recover Injunction Bond (Doc. 213), filed February 18, 2014; (2) Intervenor-Defendant Valley Meat Company, L.L.C.'s ("Valley Meat") Motion to Recover Rule 65(c) Security Bond (Doc. 215), filed February 25, 2014; (3) Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 257), filed November 12, 2015; and, (4) Valley Meat's Objections to Magistrate's Recommendation ("Objections") (Doc. 258), filed November 25, 2015. The Court, having considered the pending Motions and Objections, the record, and the relevant law, finds that Valley Meat's Objections are not well taken and will overrule them, adopt the Magistrate Judge's PFRD, and deny Responsible Transportation's Motion to Recover Injunction Bond and Valley Meat's Motion to Recover Rule 65(c) Security Bond (collectively, "Motions to Recover Injunction Bonds").

## I. Introduction[1]

On September 14, 2015, this Court issued an Order of Reference referring Responsible Transportation's and Valley Meat's Motions to Recover Injunction Bonds to United States Magistrate Judge Kirtan Khalsa for a recommended disposition. (Doc. 253 at 1.) The Magistrate Judge filed a PFRD pursuant to the Order of Reference on November 12, 2015, recommending that the Court deny Responsible Transportation's and Valley Meat's motions. (Doc. 257 at 20.) Responsible Transportation filed no objections to the Magistrate Judge's PFRD, and thus waived appellate review of all factual and legal issues. *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059-60 (10th Cir. 1996). Valley Meat, however, timely filed Objections to the PFRD on November 25, 2015, to which Plaintiffs responded on December 14, 2015. (Docs. 258, 259.) The Motions to Recover Injunction Bonds, the Magistrate Judge's PFRD, and Valley Meat's Objections are now before the Court.

## II. Analysis

When a party files timely written objections to a magistrate judge's recommendation on a dispositive matter, the district court must conduct a *de novo* review, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). *De novo* review requires the district judge to consider relevant evidence in the record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, &*

---

[1] Both the Court's November 1, 2013 Memorandum Opinion and Order and the Magistrate Judge's PFRD thoroughly discuss the factual background and procedural history of this case. (Doc. 205 at 2-11; Doc. 257 at 2-7.) The Court will therefore refrain from repeating that background and history here.

*Contents*, 73 F.3d at 1060.  This Court has considered Valley Meat's Objections and the relevant law, and, based on its *de novo* review of the record, finds that the Objections are without merit, and will adopt the Magistrate Judge's PFRD in whole.

A.    <u>The Magistrate Judge properly recommended a disposition of the motions referred to her</u>.

As a preliminary matter, the Court will address Valley Meat's contention that the Magistrate Judge's task in this case was limited to "providing a recommended determination as to whether this Court retained collateral jurisdiction to hear Valley Meat['s] request for release of the posted bond," and that she should not have recommended a disposition of the Motions to Recover Injunction Bonds. (Doc. 258 at 6.)  This objection is simply wrong.  The Court's Order of Reference states that the Motions to Recover Injunction Bonds "are referred to [Judge Khalsa] to initiate and complete . . . proceedings deemed necessary in order to address the pending motions and *submit to this Court a recommended disposition of the motions*."  (Doc. 253 at 1 (emphasis added).)  As such, the Court will overrule Valley Meat's objection on this point.

B.    <u>The PFRD accords with the prior decisions in this case</u>.

Valley Meat next makes the broad objection that the Magistrate Judge's PFRD "question[s]" and "find[s] fault with all prior, existing opinions and decisions of all Judges." (Doc. 258 at 5-6.)  The Court disagrees.  The Tenth Circuit's vacatur of this Court's November 1, 2013 Memorandum Opinion and Order required the Magistrate Judge to avoid giving legal effect to that decision.  *Camreta v. Greene*, 563 U.S. 692, 131 S. Ct. 2020, 2035 (2011); *Front Range Equine Rescue v. Vilsack*, 782 F.3d 565, 571 (10th Cir. 2015); (Doc. 205; *see* Doc. 257 at 7-11.)  In all other respects, the PFRD is faithful to the many prior decisions in this case.  In particular, the PFRD, unlike the result Valley Meat advocates, is consistent with the Court's prior decisions not to directly restrain Intervenor-Defendant Rains Natural Meats ("Rains"), and

not to require Plaintiffs to post an injunction bond in Rains' favor.  (Doc. 168 at 2; Doc. 199 at 2; *see* Doc. 257 at 4 n.5, 18-19.)  In short, Valley Meat's suggestion that the Magistrate Judge's PFRD is at odds with this Court's and the Tenth Circuit's prior decisions is unsupported, and the Court will therefore reject it.

C. <u>The Court had the authority to, and did, enjoin Responsible Transportation and Valley Meat *sua sponte*</u>.

The Court will next consider Valley Meat's objections regarding the *sua sponte* nature of the Court's August 2, 2013 temporary restraining order ("TRO") directly restraining Responsible Transportation and Valley Meat.  (Doc. 94.)  Valley Meat objects that the Magistrate Judge made two errors in this regard, specifically, in concluding that the Court enjoined Responsible Transportation and Valley Meat "*sua sponte*," and in determining that the *sua sponte* nature of the TRO was improper.  (Doc. 258 at 5, 8.)

As to the first objection, the TRO against Responsible Transportation and Valley Meat was in fact entered *sua sponte*.  (Doc. 94.)  "A court raises an issue sua sponte when it does so without prompting or suggestion; on its own motion."  *Bylin v. Billings*, 568 F.3d 1224, 1228 n.6 (10th Cir. 2009) (quotation marks and citation omitted).  The Court has thoroughly reviewed the record, and has confirmed that Plaintiffs never sought any injunctive relief against Responsible Transportation or Valley Meat.  On the contrary, the record indicates that, not only did Plaintiffs refrain from asking the Court to restrain or enjoin Responsible Transportation or Valley Meat, but also they asked the Court to lift the TRO against Responsible Transportation and Valley Meat twelve days after it was entered.  (Doc. 112 at 9.)  Nor has Valley Meat ever suggested that any other party asked the Court to include Responsible Transportation and/or Valley Meat in the

TRO before it was entered.[2]  (Docs. 46, 55, 56.)  In short, no party moved or prompted the Court to directly restrain Responsible Transportation or Valley Meat, and thus, by definition, the Court did so "*sua sponte*."

As to Valley Meat's second objection, the Magistrate Judge's PFRD does not, as Valley Meat claims, propose to find that the Court's *sua sponte* injunction was in error.  In fact, the PFRD specifically (and correctly) concludes that this Court had the authority to enjoin Responsible Transportation and Valley Meat *sua sponte*.  (Doc. 257 at 16 ("[T]he Court had the authority to temporarily restrain Valley Meat and Responsible Transportation under NEPA on its own motion.").)  The Magistrate Judge did recognize that because the *sua sponte* TRO adversely affected Plaintiffs, they were entitled to notice and a meaningful opportunity to be heard in opposition to it, if they wished.  (Doc. 257 at 16-17.)  However, this recognition neither states nor implies that the *sua sponte* TRO was erroneous.

On a related point, Valley Meat misunderstands the nature of the Magistrate Judge's proposed findings regarding due process, and makes at least three mistakes in suggesting that the PFRD "find[s] that the [Court's] exercise of discretion to not reduce a bond after a motion to do so is filed, violates due process or deprives a party of [a] meaningful opportunity to be heard." (Doc. 258 at 10.)  First, the PFRD never proposes to find that Plaintiffs' due process rights were violated; rather, it indicates that denial of the Motions to Recover Injunction Bonds preserves those rights.  (Doc. 257 at 16-17.)  Second, the due process right in question was to be heard on whether the *sua sponte* TRO should remain in place, not on the amount of the injunction bonds, on which issue Plaintiffs *were* heard.  (*Id.*)  Third, the Court did not "exercise [its] discretion not to reduce [the] bonds" at issue (Doc. 258 at 10); rather, the Court ruled on the merits of

---

[2] As the Magistrate Judge noted, Responsible Transportation and Valley Meat did oppose having the TRO against them lifted.  (Doc. 257 at 5; *see* Doc. 117 at 1, 11; Doc. 121 at 10.)  However, because Responsible Transportation and Valley Meat only took this position after the TRO was entered, it does not alter the TRO's *sua sponte* nature.

Plaintiffs' claims before it had the opportunity to consider this question. (Doc. 257 at 5 & n.6.) For these reasons, the Court concludes that Valley Meat's objections based on the *sua sponte* nature of the TRO are without merit.

D.     The Magistrate Judge acknowledged that the TRO harmed Valley Meat to some degree.

Valley Meat next objects that the Magistrate Judge erred in proposing to find that the Court's TRO did not harm Valley Meat, and that this proposed finding contradicts previous findings by United States Magistrate Judge Scott and the Tenth Circuit. (Doc. 258 at 5, 9, 11-12; *see* Doc. 102 at 2.) There are several problems with this objection. First, contrary to Valley Meat's assertion, the PFRD acknowledges that the TRO harmed Valley Meat to some degree. Specifically, the PFRD notes that Valley Meat and Responsible Transportation "failed to profit from their investment" in domestic commercial horse slaughter "during the few months when it may otherwise have been permitted," and recognizes the ongoing uncertainty regarding "whether the Court's TRO *alone* was responsible for this situation," or whether other factors "*also . . . played a role.*" (Doc. 257 at 19 (emphasis added).) This is a far cry from proposing to find that the TRO did not harm Valley Meat at all.

Second, and again contrary to Valley Meat's position, the Tenth Circuit did not find that the Court's TRO harmed Responsible Transportation and Valley Meat. Rather, it found that Responsible Transportation and Valley Meat "face[d] a *likelihood* of cognizable harm" from an injunction pending appeal. (Doc. 212 at 8 (emphasis added).) In other words, the Tenth Circuit did not decide that the TRO harmed Valley Meat; rather, it predicted that an injunction pending appeal would likely harm it. Nothing in the Magistrate Judge's PFRD can be read to contradict the Tenth Circuit's decision on this point.

Similarly, the PFRD in no way invalidates Judge Scott's Order requiring Plaintiffs to post an injunction bond for the benefit of Valley Meat in the amount of $435,000 following a hearing on August 8, 2013.  (Doc. 102 at 2.)  As Plaintiffs point out, Valley Meat and Responsible Transportation quantified their predicted damages to Judge Scott by way of counsel's arguments and witnesses' affidavits.  (*See generally* Doc. 150.)  No one testified at the hearing, and no one was subject to cross-examination.  (*Id.*)  Moreover, Plaintiffs did not have the opportunity to take any discovery regarding Valley Meat's damages before the hearing, and so could not have effectively cross-examined any witnesses even if they had testified.  This was not error on Judge Scott's part.  The setting of injunction bonds is preliminary in nature, and courts are advised to "err on the high side."  *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 456 (7th Cir. 2010).  The time to prove actual damages resulting from wrongful enjoinment—to "convert[] the 'soft' numbers to hard ones"—is after a court determines that recovery on a bond is appropriate, which never happened in this case.  *Id.*  By noting the parties' ongoing dispute about whether Valley Meat's actual losses were as high as predicted, the Magistrate Judge merely acknowledged that, correctly, the dispute had never been resolved.  (Doc. 257 at 19.)  For all of the above reasons, Valley Meat's objections regarding the harm it claims it suffered as a result of the TRO are without merit, and the Court will overrule them.[3]

E.   <u>The Magistrate Judge refrained from predicting what the Tenth Circuit's ruling on the merits would have been</u>.

According to Valley Meat's next objection, the Magistrate Judge "assert[ed] that if the [Tenth] Circuit had not dismissed [Plaintiffs' a]ppeal as moot, the Circuit Court they [sic] would

---

[3] Valley Meat contends that, because of the TRO, its "business [is] no longer . . . viable," it "default[ed] on the mortgage of business property," and it had to "sell [its] property at a loss."  (Doc. 258 at 9; *see also* Doc. 245 at 3; Doc. 256 at 12.)  However, Valley Meat has cited to no evidence in support of these contentions; and, it seems highly likely that Congress' decision to ban domestic commercial horse slaughter in 2014 also played a role in these alleged harms.  (Doc. 257 at 6 (citing *Front Range Equine Rescue*, 782 F.3d at 568).)

have instead determined that Defendants had not been wrongfully enjoined." (Doc. 258 at 5-6.) Valley Meat fails to cite to the Magistrate Judge's PFRD in support of this objection, likely because the PFRD never makes the assertion Valley Meat claims it does. The Court has carefully reviewed the PFRD, and concludes that it correctly makes no attempt to predict what the Tenth Circuit's ruling on the merits of Plaintiffs' appeal would have been, had the appeal not become moot. Valley Meat's objection on this point is groundless and is overruled.

F.  Plaintiffs' lawsuit raised legitimate environmental concerns.

Valley Meat next objects that the Magistrate Judge improperly "accept[ed] as true the allegations of environmental harm in the Complaint." (Doc. 258 at 6.) This objection is also mistaken. It is true that the Magistrate Judge proposed to find that "Plaintiffs raised legitimate environmental concerns having a high public interest." (Doc. 257 at 13.) However, the Magistrate Judge specifically noted that this did not mean that she accepted Plaintiffs' "environmental concerns" as proven. Thus, the Magistrate Judge stated that

> *[w]hile [Plaintiffs'] allegations and evidence do not prove the merits of Plaintiffs' claims,* they do show that Plaintiffs raised legitimate environmental concerns. They also indicate the existence of a significant public interest in obtaining a judicial determination regarding whether the Federal Defendants complied with NEPA before permitting commercial horse slaughter to resume.

(*Id.* (emphasis added) (footnote omitted).) The record supports these proposed findings, and the Court will overrule Valley Meat's objection to the contrary.

G.  Plaintiffs litigated in good faith.

Valley Meat makes two objections in opposition to the Magistrate Judge's proposed finding that Plaintiffs litigated in good faith. (Doc. 258 at 7.) First, Valley Meat argues that the Magistrate Judge should not have considered this question at all. (*Id.*) However, Tenth Circuit law holds that whether a plaintiff litigated in good faith is relevant to whether that plaintiff should

be relieved of the obligation to compensate a wrongfully enjoined defendant up to the limits of an injunction bond. *Sierra Club v. Hodel*, 848 F.2d 1068, 1097 (10th Cir. 1988), *overruled on other grounds by Village of Los Ranchos de Albuquerque v. Marsh*, 956 F.2d 970, 973 (10th Cir. 1992). In its Objections, Valley Meat never even acknowledges this authority, much less attempts to discredit or distinguish it. The Court will therefore reject Valley Meat's argument on this point.

Valley Meat next contends that the Magistrate Judge's proposed finding regarding Plaintiffs' good faith lacks any support in the record. (Doc. 258 at 7.) The Court disagrees. The Magistrate Judge made this determination after a comprehensive review of the record, including some two hundred and fifty-six (256) docket entries and transcripts from two hearings. This case, although pending in this Court for less than four months, was litigated extensively, and the civil docket provides ample basis from which to determine that Plaintiffs litigated in good faith. Further, the Magistrate Judge specifically considered Valley Meat's arguments that Plaintiffs litigated in bad faith and concluded that they lack merit. (Doc. 257 at 14.) This Court has also considered these arguments and agrees with the Magistrate Judge's reasoning. The Court will therefore overrule Valley Meat's objections regarding Plaintiffs' good faith.

H. The Magistrate Judge fairly characterized Valley Meat's domestic commercial horse slaughter business.

Finally, Valley Meat objects to the Magistrate Judge's characterization of its domestic commercial horse slaughter business as "controversial, high-risk, and ultimately evanescent." (Doc. 258 at 11.) Valley Meat's objection to the term "controversial" is hard to fathom in light of its own admission "that individuals may have deep, preconceived biases against the lawful business [it] had hoped to engage in." (*Id.* at 12.) The terms "high-risk" and "ultimately evanescent" seem equally accurate, in light of the undisputed fact that it was illegal to operate

such a business from 2006 to 2011 and has been from 2014 to date. (Doc. 257 at 2-3, 6.) The Court will therefore overrule Valley Meat's objections on this basis.

### III. Conclusion

For all of the above reasons, and for the additional reasons stated in the Magistrate Judge's PFRD, the Court finds that Valley Meat's Objections are without merit, and that the Magistrate Judge's PFRD should be adopted in whole.

**IT IS THEREFORE ORDERED** as follows:

1. Valley Meat's Objections to Magistrate's Recommendation (Doc. 258) are OVERRULED;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 257) are ADOPTED; and,

3. Responsible Transportation's Motion to Recover Injunction Bond (Doc. 213), and Valley Meat's Motion to Recover Rule 65(c) Security Bond (Doc. 215), are DENIED.

**SO ORDERED** this 17th day of February, 2016.

_____
THE HONORABLE M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE